NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOCO INVESTMENTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, CHAD BACEK and NADINE BACEK, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Case No. 06-4040 (DMC) |

DENNIS M. CAVANAUGH, U.S. District Judge

This matter comes before the Court on motion by Moco Investments, LLC ("Plaintiff") for relief from judgment pursuant to Federal Rule of Civil Procedure 60. This Court did not hear oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's motion for relief from judgment is **granted**.

BACKGROUND

Plaintiff filed its Complaint on August 22, 2006, and the United States of America, Internal Revenue Service and Chad and Nadine Bacek ("Defendants") moved for judgment on the pleadings on December 22, 2006. Plaintiff filed no opposition and this Court granted Defendants' motion for judgment on the pleadings on February 21, 2007. On February 23, 2007, Plaintiff's attorney, Mr.

Jules Rossi, moved for relief from judgment, citing his mistaken notion that this Court had adjourned the matter as the reason for his failure to oppose the Defendants' motion for judgment on the pleadings.

**ANALYSIS**

Federal Rule of Civil Procedure 60(b) provides for relief from judgment or order within the district court's discretion for:

> (1) mistake, inadvertence, surprise or excusable neglect . . . (6) or for any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(1), 60(b)(6).

The brief history of this case indicates a pattern of negligence on the part of Mr. Rossi. Mr. Rossi filed a Certification in which he explains that he initially failed to properly serve Plaintiff's Complaint on all Defendants. Mr. Rossi claims that Defendants consented to an adjournment in order to give Plaintiff the opportunity to correct the problem in service. Mr. Rossi cites the alleged agreement to adjourn as the reason for Plaintiff's failure to oppose Defendants' motion for judgment on the pleadings.

In arguing that he reasonably relied on an alleged agreement to adjourn the proceedings with Defendants' counsel, Mr. Rossi claims that he "wrote a letter to [the Court] stating what had transpired . . . the letter, however, was not e-filed." Rossi Cert. at ¶3. Mr. Rossi continues and claims that he "received a call from . . . [the] law clerk . . . [and] [h]e told me that my request for the adjournment was granted for least (sic) 60 days to give me the opportunity to serve [Defendants]."

A review of this case's docket reveals no Order signed by this Court memorializing any adjournment. In addition, Mr. Rossi fails to identify the "law clerk" who allegedly granted an adjournment over the phone and once again fails to produce or include the alleged letter in which

he requests an adjournment.

This Court agreed to hold a hearing on April 26, 2007, on Plaintiff's motion for relief from judgment. Mr. Rossi failed to appear, thus requiring Defendants' counsel to make an unnecessary trip from Washington, D.C. to Newark, New Jersey. This Court contacted Mr. Rossi to ask why he failed to appear. Mr. Rossi claims that his assistant informed this Court three days before the hearing that Mr. Rossi would be unable to attend. Mr. Rossi claims that this Court then informed his assistant that the hearing would be adjourned to a new date. In addition, Mr. Rossi claims that he informed opposing counsel via fax that the hearing had been adjourned. Defendants' counsel, however, claims that he never received any such fax and arrived to appear before this Court on April 26, 2007, as scheduled.

This underlying lawsuit involves the question of whether a federal tax lien attached to the subject property before or after Plaintiff became a *bona fide* purchaser. Throughout this matter, Mr. Rossi exhibits a lackadaisical approach to deadlines and provides this Court with reason to be skeptical of his assertions. However, Fed. R. Civ. P. 60(b)(6) provides for relief from judgment in the interests of justice. Several courts have ruled that relief under this category is appropriate where a client seeking relief from judgment demonstrates negligence on the part of counsel. See Boughner v. Secretary of Health, Educ. & Welfare, 572 F.2d 976 (3d Cir. 1978).

The general purpose of Fed. R. Civ. P. 60 is to "strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Id. at 977. Generally, a motion brought pursuant to Rule 60 is "addressed to the sound discretion of the Court and is reviewable on appeal only for abuse of discretion." Virgin Island Nat'l Bank v. Tyson, 506 F.2d 802, 804 (3d Cir. 1974). In its discretion, this Court grants Plaintiff's motion for an order granting relief from judgment so that justice is reached on the merits of the case rather than on the

negligence of counsel.

#### CONCLUSION

Based on the foregoing, Plaintiff's motion for relief from judgment is granted and Defendants are instructed to submit an affidavit identifying the costs incurred as a result of its unnecessary trip to appear for a scheduled oral argument on April 26, 2007, which Plaintiff's counsel will pay. An appropriate Order accompanies this Opinion.

/s/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: ~~August~~ Sept 5, 2007
Original: Clerk
Copies: All counsel of record
        File