NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOCO INVESTMENTS, LLC, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 06-cv-4040 (DMC) |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, CHAD BACEK and NADINE BACEK, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

   This matter comes before the Court upon motion by Defendants United States of America, Internal Revenue Service, and Chad and Nadine Bacek ("Defendants") for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c), or in the alternative, for dismissal pursuant to FED. R. CIV. P. 12(b)(1), and cross motion by Plaintiff Moco Investments, LLC ("Plaintiff") for summary judgment pursuant to FED. R. CIV. P. 56(c).  On February 21, 2007, this Court granted Defendants' motion for judgment on the pleadings and then on September 5, 2007, this Court granted Plaintiff's motion to set aside its February 21, 2007 Order and ordered Plaintiff to respond to Defendants' motion for judgment on the pleadings.

   Defendants have moved for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) and in the alternative, for dismissal pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction because Plaintiff did not originally serve Defendant United States.  Since proof of service has been filed, Defendants' motion for dismissal is moot and the motions before the Court

are Defendants' motion for judgment on the pleadings and Plaintiff's cross motion for summary judgment

Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's motion for judgment on the pleadings is **granted** and Plaintiff's cross-motion for summary judgment is **denied**.

I. BACKGROUND

Defendant IRS assessed federal tax liabilities on Defendants Chad and Nadine Bacek ("The Baceks") on May 10, 2003, May 24, 2004 and May 23, 2005. (Defs.' Brief, p. 1). These assessments caused federal tax liens to arise and attach to real property owned by the Baceks. (Defs.' Brief, p. 1). On May 31, 2005, Plaintiff acquired real estate, known as 444 Prospect Street, Woodbridge, New Jersey, by deed from the Baceks. (Complaint, ¶ 1, Defs.' Brief, p. 1). On December 7, 2005, Defendant IRS filed notices of the subject federal tax liens against the Baceks. (Defs.' Brief, p. 1). There is a federal tax lien in the amount of $10,000 on the subject property. (Complaint, ¶ 3). Plaintiff recorded the deed on the real property in January 2006. (Complaint, ¶ 4). On November 27, 2006, the Tax Division received certified transcripts from the IRS regarding the Baceks, which showed that the assessments were made against the Baceks on May 24, 2004 for the 2003 tax year and on May 23, 2005 for the 2004 tax year. (Jaworski Dec. ¶ 3).

II. STANDARD OF REVIEW

A. Judgment on the Pleadings

In reviewing a motion to dismiss on the pleadings made pursuant to FED. R. CIV. P. 12(c), a Court must take all allegations in the Complaint as true, viewed in the light most favorable to the plaintiff. See Gomez v. Toledo, 446 U.S. 635, 636 n.3 (1980); Robb v. Philadelphia, 733 F.2d 274, 277 (3d Cir. 1984). If no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint, the Court may dismiss the Complaint for failure to state a claim. See Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986).

### B. Summary Judgment

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. Id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). However, "[i]n determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor

of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000) aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

### III.    DISCUSSION

After carefully reviewing the papers submitted by the parties, this Court finds that no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint, and that there are no issues of material fact, and that the record clearly supports Defendants' position. As such, Defendants' motion for judgment on the pleadings is **granted** and Plaintiff's cross motion for summary judgment is **denied**.

Prior to Plaintiff's acquisition of the subject real property, Defendants had encumbered the property with federal tax liens. Defendant IRS assessed federal tax liabilities on the Baceks on May 10, 2003, May 24, 2004 and May 23, 2005. (Defs.' Brief, p. 1). These assessments caused federal tax liens to immediately arise and attach to real property owned by the Baceks. (Defs.' Brief, p. 1). The general federal tax lien arises at the time the assessment list is received by the collector unless another date is specifically fixed by law, and continues until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time. See 26 U.S.C. ¶6321. Here, the collector received the assessments against the Baceks on March 10, 2003, May 24, 2004 and May 23, 2005; as shown above, the federal tax liens attach when the collector receives the assessments. (Jaworski Dec.¶ 3).  The tax liens attached when the tax assessments were made, which were all prior to Plaintiff purchasing the property.  As such, Plaintiff's acquisition of the property was subject to the

federal tax liens.

The issue before the Court is whether Plaintiff is liable on the liens attached to the property Plaintiff purchased. Specifically, the date the deed was recorded is at issue. Plaintiff's position is that the date the deed was delivered (May 31, 2005), not the date the deed was recorded (January 2006), is dispositive because the delivery date is when the Baceks transferred any and all interest they had in the property. (Pl.'s Brief, p. 5). Plaintiff argues that the question to be determined here is whether the real estate belonged to the taxpayer debtor at the time of the levy. (Pl.'s Opp. P. 4). Defendants argue that had Plaintiff recorded the deed at the time of delivery, Plaintiff would be protected and would not be subject to the lien, however, the lien was perfected on December 7, 2005 and the deed was not recorded until January 2006, so the property's title was not passed until January 2006, making Plaintiff responsible for the lien. (Defs.' Brief, p. 3).

Property rights are determined by the state law in which the property sits. See Butner v. United States, 440 U.S. 48 (1979) and 26 U.S.C. §6323(f)(1)(A)(i). Whether the taxpayer's interest is a property interest to which liens may attach is a question of federal law. See United States v. Craft, 535 U.S. 274, 278-79 (2002). Here, the property is in New Jersey, so property rights are construed under New Jersey law. While the delivery date of a deed makes the deed valid under New Jersey law between the grantor (the Baceks) and grantee (Plaintiff), delivery of a deed is not sufficient to protect the grantee against subsequent purchasers; recording the deed is necessary for such protection. Specifically, 26 U.S.C. §6323(h)(6) defines purchaser as follows:

> A "purchaser" is defined by state statute as follows:
> > The term "purchaser" means a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which

-5-

> is valid under local law against subsequent purchasers without notice. In applying the preceding sentence for purposes of subsection (a) of this section, and for purposes of section 6324-
> (A) a lease of property
> (B) a written executory contract to purchase or lease property,
> (C) an option to purchase or lease property or any interest therein, or
> (D) an option to renew or extend a lease of property, which is not a lien or security interest shall be treated as an interest in property.

As such, Plaintiff was not protected from federal tax liens on the property because Plaintiff, at the time the tax liens were perfected, was not a purchaser under the applicable statute. Defendants filed the notice of the federal tax lien before Plaintiff became a purchaser. Plaintiff was not a purchaser until Plaintiff recorded the deed in January 2006. Federal tax liens shall not be valid as against any purchaser...until notice thereof which meets the requirements for subsection (f), which requires the deed to be recorded. See 26 U.S.C. §6323(a).

New Jersey law provides that an unrecorded deed shall be valid and operative, although not recorded, except as against such subsequent judgment creditors, purchasers and mortgagees. See N.J.S.A. 46:22-1. Since an unrecorded deed is invalid against subsequent purchasers, and protection from federal tax liens requires a valid deed against subsequent purchasers, Plaintiff here is not protected from the perfected tax liens which encumbered the property prior to Plaintiff recording the deed.

## IV.  CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's motion for judgment

on the pleadings is **granted** and Plaintiff's motion for summary judgment is **denied.** An appropriate

Order accompanies this Opinion.

                                                 S/ Dennis M.Cavanaugh
                                               Dennis M. Cavanaugh, U.S.D.J.

Date:          January  31 , 2008
Orig.:          Clerk
cc:            Counsel of Record
                The Honorable Mark Falk, U.S.M.J.
                File